**James SMALL, Jr., Petitioner–Appellant,**

v.

**Superintendent Jeff ENDICOTT and Kenosha County Circuit Court,[1] Respondents–Appellees.**

No. 92–2201.

United States Court of Appeals, Seventh Circuit.

Argued April 21, 1993.

Decided June 22, 1993.

<hr/>

1. The Kenosha County Circuit Court is not a proper party to this action. A petition for habeas corpus relief must name as respondent the state officer presently having custody over the applicant. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, we dismiss the Kenosha County Circuit Court from this appeal *sua sponte. Cf. Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665 n. 1 (7th Cir.1990).

Robert J. Palmer, Jeanine Sorrentino (argued), Judith Lenger (argued), May, Oberfell & Lorber, South Bend, IN, for petitioner-appellant.

William L. Gansner, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, WI, Robert J. Jambois, Kenosha County Dist. Atty., Kenosha, WI, for respondents-appellees.

Before CUMMINGS and FLAUM, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

FLAUM, Circuit Judge.

James Lewis Small, Jr. appeals from the district court's summary dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

### I

Small currently is serving a sentence of 35 years at the Columbia Correctional Institute in Waupun, Wisconsin. In 1982 he was convicted of two counts of aiding and abetting in an armed robbery, as well as a count each for false imprisonment, kidnapping, and aggravated battery. Since then he has challenged his convictions on direct and collateral review at least five times in the Wisconsin state courts.

In this instance, Small attacks his confinement on six grounds. The district court summarily dismissed his petition with prejudice under the authority of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. On appeal, Small argues that the district court judge erroneously dismissed three of the six claims, which allege that: (1) his constitutional rights under the Sixth and Fourteenth Amendments were violated because he was not present at a hearing on July 21, 1982; (2) he was denied the right under the Sixth Amendment to effective assistance of counsel; (3) the trial court's inadequate instructions to the jury regarding an eyewitness identification violated his due process rights under the Fourteenth Amendment. Bearing in mind that Small is not arguing that he is

entitled to the writ, but instead that we remand the case for the district court to reconsider his petition in accordance with the appropriate legal standards, we consider each argument in turn.

## II

■ In our review of a district court's decision to grant or to deny a petition for a writ of habeas corpus, we consider all questions of law *de novo*. *Montgomery v. Greer*, 956 F.2d 677, 680 (7th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 460, 121 L.Ed.2d 368 (1992). Guided by that standard, we may affirm the ruling on any basis finding support in the record, even if the district court relied on the wrong grounds or reasoning in dismissing the petition. *See Helvering v. Gowran*, 302 U.S. 238, 245–46, 58 S.Ct. 154, 158, 82 L.Ed. 224 (1937); *United States v. Thomas*, 934 F.2d 840, 843 (7th Cir.1991).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of petitions and to dismiss unworthy requests for habeas corpus relief. *Johnson v. Gramley*, 929 F.2d 350 (7th Cir.1991). When the face of the petition plus any annexed exhibits plainly show that the petitioner is not entitled to relief, the district court can summarily dispose of the matter without either examining the transcripts and record of the state court proceedings or ordering the state to respond. *See* Rule 4; 28 U.S.C. § 2243; *Davis v. Franzen*, 671 F.2d 1056, 1057 (7th Cir.1982).

■ In determining whether to dismiss summarily under Rule 4, the district court need not examine the trial records if two conditions are satisfied: (1) the state court opinions summarize the trial testimony or relevant facts; and (2) the petitioner does not quarrel with that summary and instead contends only that the trier of fact should have reached a different conclusion. *Davis*, 671 F.2d at 1057; *Montes v. Jenkins*, 581 F.2d 609, 612 (7th Cir.1978). It makes little difference whether those conditions obtain, however, if the factual allegations, accepted as true, fail to show that the petitioner is being held in custody in violation of the Constitution or laws of the United States.

*Davis*, 671 F.2d at 1057. And just as the district court can dismiss a petition that raises a legal theory that is indisputably without merit, so too can it summarily dismiss one containing factual allegations that are "palpably incredible" or "patently frivolous or false". *Blackledge v. Allison*, 431 U.S. 63, 76, 97 S.Ct. 1621, 1630, 52 L.Ed.2d 136 (1977) (citations omitted).

In short, Rule 4 enables the district court to dismiss a petition summarily, without reviewing the record at all, if it determines that the petition and any attached exhibits either fail to state a claim or are factually frivolous. Even if the petition clears those hurdles, the district court still need not independently review the record so long as the petitioner does not dispute that the facts reported in the state court opinions faithfully and accurately reflect the record. *See generally Davis*, 671 F.2d at 1057.

### A. Right to be present at hearing of July 21, 1982

The district court summarily dismissed Small's first claim, finding that he had waived his constitutional right to be present at a state court hearing on July 21, 1982. This ground failed to state a claim, held the court, because "the record" reflects that Small's attorney waived his right to be present at what was primarily a scheduling hearing where the court made no adverse rulings. While we agree with the district court's conclusion that this ground of Small's petition failed to state a claim, we arrive at that result by a slightly different route.

■ "The record" to which the district court refers apparently is the collection of state court decisions resulting from Small's direct and collateral appeals. But the second prong of *Davis* precluded the district court's reliance on the state courts' rendition of the facts because Small may indeed be challenging the findings of the state courts. He disputes their factual findings that he intentionally and knowingly waived his right to appear at the hearing, which he refuses to characterize as a benign scheduling conference. Once Small challenged the facts as reported by the state courts, the district

court could not base its denial of relief solely on the state courts' view of events. *Cf. United States ex rel. Jones v. Franzen,* 676 F.2d 261, 265 (7th Cir.1982). Generally, a petitioner's dispute with state court factual findings in opinions triggers the district court's duty to conduct an independent review of the state court record. But Small's quarrel may not be based solely upon a different view of the facts. It may well be that his differences with the state courts' view of events cross into the realm of legal questions and conclusions. If that is the case, then he is contending only that the state court should have reached a different conclusion from the one he urges—not enough under *Davis* to save his petition from summary dismissal.

■ We need not decide how to characterize Small's disagreement with the state court summary, however, if the facts alleged in the petition either fail to state a claim or are factually frivolous. From the slender record before this court we cannot conclude that it is "palpably incredible", *Blackledge,* 431 U.S. at 76, 97 S.Ct. at 1630, that Small did not knowingly and intelligently waive his right to be present at the hearing on July 21, 1982. But did he have an absolute right to be there at all? We think not. Small's factual allegations, even if taken as true, fail to state a cognizable claim that he is being held in violation of the Constitution or laws of the United States.

■ Recently we have had occasion to consider the well-established principles governing the right of someone accused of a criminal offense to be present at his trial. *See United States v. Watkins,* 983 F.2d 1413, 1417–18 (7th Cir.1993) (reconciling the right of accused to be present at proceeding and the need for court to adjudicate dispassionately and with reasonable degree of dispatch). That basic right derives from the Confrontation Clause of the Sixth Amendment.[2] *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). The right of presence also attaches to situations in which the defendant is not confronting witnesses against him. In that instance,

the Due Process Clauses of both the Fifth and Fourteenth Amendments clearly require "a defendant be allowed to be present 'to the extent that a fair and just hearing would be thwarted by his absence.'" *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987) (quoting *Snyder v. Massachusetts,* 291 U.S. 97, 108, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934)). *See also United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 1484, 84 L.Ed.2d 486 (1985) (per curiam) (A defendant in criminal case has a "due process right to be present at a proceeding 'whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge....'") (quoting *Snyder,* 291 U.S. at 105–06, 54 S.Ct. at 332). When evaluating whether a defendant's exclusion from a trial proceeding has eroded his constitutional rights, courts must view the absence in light of the entire record. *Id.* 470 U.S. at 526–27, 105 S.Ct. at 1484; *United States v. Widgery,* 778 F.2d 325, 330 (7th Cir.1985).

■ From *Snyder, Gagnon,* and *Stincer* emerges the rule that a defendant's right to a fair trial requires his presence at all important steps in the criminal proceeding. Although what qualifies as an important stage of the proceeding will vary from case to case, a defendant need not be present at a pretrial hearing where only preliminary matters of a procedural nature are at stake. Presence is not required if it "would be useless, or the benefit but a shadow." *Snyder,* 291 U.S. at 106–07, 54 S.Ct. at 332 (Cardozo, J.). *See also United States v. Moore,* 936 F.2d 1508, 1523 (7th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 607, 116 L.Ed.2d 630 (1991); *United States v. Shukitis,* 877 F.2d 1322, 1329–30 (7th Cir.1989). *Cf. Ramer v. State,* 40 Wis.2d 79, 161 N.W.2d 209, 211 (1968) (conference in chambers dealing solely with question of law or preliminary matter of procedure does not constitute part of the trial in the constitutional sense), *cert. denied,* 394 U.S. 989, 89 S.Ct. 1476, 22 L.Ed.2d 764 (1969).

At the hearing on July 21, 1982, the state judge, the prosecutor, and Small's appointed

---

**2.** The Sixth Amendment provides in relevant part that "the accused shall enjoy the right to ... be confronted with the witnesses against him; to

have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."

attorney endeavored to extricate the case from a morass of assignment and scheduling difficulties. Prior to that date, the criminal case had travelled from judge to judge and then proceeded, but for a spell, until the judge handling the case needed to recuse himself. From what we can gather about the hearing, the trial court judge nullified a series of orders on motions considered by the previous judge, who apparently continued to preside over the case and rule on motions even after withdrawing. Small claims that the hearing dealt with substantive matters and caused him to forfeit the right to a speedy trial, resulted in ineffective counsel being foisted upon him, ruined all chances of his accepting a plea bargain, and denied him the right to contest an improper arraignment as well as an inappropriate consolidation. While the hearing may have touched on the issues of speedy trial rights, arraignment, and consolidation, Small's own handwritten transcript reveals that the conference involved preliminary matters of a procedural nature.

Given the character of the hearing, Small's presence was "not required to ensure fundamental fairness or a 'reasonably substantial ... opportunity to defend against the charge.'" *Gagnon*, 470 U.S. at 527, 105 S.Ct. at 1484 (quoting *Snyder*, 291 U.S. at 115, 54 S.Ct. at 335). The conference therefore "was not the sort of event which [a] defendant ha[s] a right personally to attend", *id.*, under either the Sixth Amendment or the Due Process Clause of the Fourteenth Amendment. Had Small been present, the benefits would have been negligible. In all likelihood, he would have added little to the proceedings and gained nothing from attending. By the same token, his absence caused him to bear no costs. Small's rights were protected by his being represented at the hearing by adequate counsel; by being fully apprised of the nature of the conference and the arguments to be advanced; by receiving notice of the trial court's final disposition; by having an opportunity to confer with counsel

before and after the proceedings at issue; and by retaining the right to appeal from any decisions that resulted in prejudice. Considering these protections and the nature of the hearing, we find that Small's absence from the proceedings of July 21, 1982 did not impinge his constitutional right to a fair trial. Since he never had a constitutional right to be in attendance at this specific hearing, there is no reason for us to take up his claim that he did not waive any right to be present.

## B. Ineffective assistance of counsel

The second ground of Small's petition challenges the finding by the Wisconsin appellate courts that his attorney was not ineffective. Small alleges that his first court-appointed trial lawyer worked under a conflict of interest by representing him while serving as a special prosecutor in an unrelated case.[3] In rejecting this claim, the district court observed: "The Wisconsin Court of Appeals found in *State v. Small*, 83–2008CR, slip op. (Wis.Ct.App. July 11, 1984) [120 Wis.2d 675, 355 N.W.2d 254 (table)] that Small had not proven that his attorney's serving as a special prosecutor created a conflict of interest. *Thus*, the mere fact that attorney Breitenbach was acting as a prosecutor in an unrelated case does not give rise to a claim under the *Cuyler* test." *Small v. Endicott*, Civil Action No. 92–C–0034, Decision and Order at 4 (E.D.Wis. Apr. 9, 1992) (emphasis added). Small argues on appeal that the district court impermissibly "relied exclusively upon the state court's factual determinations; it did not look at the trial record to ascertain the true facts and circumstances underlying the conflict of interest issue." Appellant's Brief and Short Appendix at 20.

 We disagree with Small's overly cramped reading of the word "thus". Contrary to his interpretation of the order, we find that the district court did not merely dismiss his claim by invoking the reasoning of the Wisconsin Court of Appeals. When

---

**3.** Only in passing does Small mention a second basis for ineffective assistance—that his lawyer failed to object to the alleged untimeliness of a preliminary hearing. The district court addressed this claim and rejected it. Since Small offers little by way of developed argument on the matter, we presume that he has chosen not to contest the district court's determination on this ground. *See* Fed.R.App.P. 28(a)(5).

reciting a holding or even quoting language before explaining its own conclusions, a reviewing court does not necessarily either endorse or adopt the reasoning of a lower court, even if they reach the same result. The language used by the district court indicates that it considered and rejected the merits of Small's ineffectiveness claim independently, even though the state court happened to reach the same conclusion.

But all this may be an exercise in semantics, both literally and figuratively. When an alleged conflict of interest results in the ineffective assistance of counsel, the defendant must meet a standard of prejudice slightly different from the usual requirement.[4] *Crisp v. Duckworth*, 743 F.2d 580, 588 (7th Cir. 1984). Although "prejudice is presumed when counsel is burdened by an actual conflict of interest", it may be "presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980) (footnote omitted)). *See also Cuyler*, 446 U.S. at 350, 100 S.Ct. at 1719 ("[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.").

 Small's petition falls short of this standard. It contains no suggestion that his attorney "actively represented conflicting interests". All it alleges is that his attorney served as a special prosecutor in an unrelated murder. More is necessary. By acknowledging that his attorney's prosecutorial responsibilities were unconnected to the matter at hand, Small all but concedes the impossibility of conflict. Like the district court, we do not find a conflict of interest where there exist separate and distinct criminal cases involving neither the same parties nor facts.

Under Rule 4, the district court again correctly exercised its authority to reject this ground of Small's petition without either reviewing the transcripts of the state court proceedings or ordering the state to file a response to the petition. As with his first ground, the ineffective assistance claim gets snagged on the requirement in *Davis* that the factual allegations, taken as true, must show that the petitioner is in custody in violation of the Constitution or federal statutes. Small's contention that his attorney had a conflict of interest by acting as special prosecutor in an unrelated case is, indisputably, a legal theory without merit.

## C. Jury instructions

Third and last, Small criticizes as "woefully" inept the adequacy of the jury instruction with respect to an eyewitness identification. The district court disposed of this claim, finding that the Wisconsin Court of Appeals concluded that the instruction was adequate. Small, the district court observed, has suggested neither why the instruction was deficient nor why the state court of appeals' determination was in error. On appeal, Small admits that while he did not articulate his theory on the inadequacy of the instruction, he did annex to his petition a copy of the concurrence to the state appellate court's decision. On this copy he "took great pains to alert the district court to the deficiencies noted in the concurring opinion [by] highlight[ing] the relevant passage in an attempt to catch the district court's attention." Appellant's Brief at 20.

 Highlighting passages or scribbling notes in the margins of decisions does not substitute for making allegations that if true would tend to show that a habeas petitioner is being held in violation of the Constitution or the federal laws. While the courts liberally construe *pro se* pleadings as a matter of course, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), judges are not also required to construct a

---

4. The "prejudice" component of the two-part test for ineffective assistance of counsel focuses "on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, ⸺ U.S. ⸺, ⸺, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)).

party's legal arguments for him. *Cf. United States v. Brown*, 899 F.2d 677, 679 n. 1 (7th Cir.1990). The district court judge need not have attempted to divine the point Small was trying to make about the jury instructions. Had Small wished to elaborate, he no doubt easily could have done so; the rest of his *pro se* pleadings show him to be a competent writer with a good grasp of the law. Given his challenging argument (albeit on appeal) that on the issue of the preliminary hearing the district court may have relied improperly on state court opinions, it is ironic indeed that Small himself essentially took the tact of adopting an entire opinion rather than articulating his reasons for disagreeing with the decision of the Wisconsin Court of Appeals. Be that as it may, the district court was correct in summarily dismissing this ground of his petition, which failed to state a claim.

### III

In summarily dismissing Small's petition, the district court properly exercised its discretionary authority under Rule 4 and 28 U.S.C. § 2254 to screen out patently frivolous petitions for habeas corpus relief.

AFFIRMED.