42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John W. PERKINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4010.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 21, 1994.*
Decided Dec. 7, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 John W. Perkins, a federal prisoner appearing pro se, appeals from the denial of his motion for post-conviction relief, 28 U.S.C. Sec. 2255, alleging that evidence was obtained through an illegal seizure and that there was insufficient evidence to sustain his conviction. For the following reasons, we affirm.
 
 
 2
 Perkins was indicted and charged with (1) conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846, (2) possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1), and (3) being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Perkins pled guilty to all three counts and was sentenced to two concurrent terms of imprisonment for 37 months on counts 1 and 3 to be served consecutively with a term of 60 months imprisonment on count 2. Following his prison sentence, Perkins was to serve three concurrent three year terms of supervised release.
 
 
 3
 28 U.S.C. Sec. 2255 provides for post-conviction relief from federal custody where the "sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." Relief under Sec. 2255 is limited to " 'an error of law that is jurisdictional, constitutional, or constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." ' " Bischel v. United States, 32 F.3d 259, 263 (7th Cir.1994) (quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir.1991) (quoting Carreon v. United States, 578 F.2d 176, 179 (7th Cir.1978))). Perkins maintains that he is entitled to relief since "evidence of his possession of firearms was obtained through an illegal seizure, and [ ] the evidence should have been suppressed." Perkins' Brief at 6. However, Perkins' brief is devoid of any argument regarding this claim.
 
 
 4
 In its order denying Perkins' petition for relief under Sec. 2255, the district court addressed this claim and rejected it. Entry of Dec. 3, 1993, at 4-5. Since Perkins has failed to even attempt to argue this claim, "we will presume that he has chosen not to contest the district court's determination on this ground." Small v. Endicott, 998 F.2d 411, 416 n. 3 (7th Cir.1993). Although pro se litigants are not held to the same standards set for counseled litigants, they "should anticipate that this court may dismiss an appeal where the brief submitted contains no identifiable argument." McCottrell v. E.E.O.C., 726 F.2d 350, 351 (7th Cir.1984). See also Brooks v. Allison Division of General Motors Corp., 874 F.2d 489, 490 (7th Cir.1989) (although appearing pro se, where appellate brief contained no legal authorities, did not specify error in district court decision and provided no argument, appeal was considered frivolous per se). Moreover, this claim would fail on the merits. Since Perkins has entered a plea of guilty, he has waived all "non-jurisdiction challenges to the constitutionality of [his] conviction...." United States v. Brown, 870 F.2d 1354, 1358 (7th Cir.1989).
 
 
 5
 Perkins next contends that there was insufficient evidence to show, beyond a reasonable doubt, that he was in possession of a firearm in connection with drug trafficking. This issue was not raised before the district court and, consequently, it has been waived. Even if we were to consider this claim, Perkins would not be entitled to relief. It is possible that Perkins could have a cognizable federal habeas claim if he were to demonstrate that from the evidence produced at trial, no reasonable trier of fact could have found him guilty beyond a reasonable doubt. See Biskup v. McCaughtry, 20 F.3d 245, 248 (7th Cir.1994). However, Perkins' case did not go to trial. He entered a plea of guilty and, accordingly, waived all non-jurisdictional challenges to his conviction. Brown, 870 F.2d at 1358. Since Perkins does not challenge the knowing and voluntary nature of his guilty plea, the district court's order dismissing his claim for relief under Sec. 2255 is AFFIRMED.[1]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 We consider Perkins' "Motion for Supplemental Inclusion" as a submission pursuant to Federal Rule of Appellate Procedure 28(j) and disregard any additional argument