62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mark S. HINTON, Petitioner-Appellant,
v.
Gerald A. BERGE, Respondent-Appellee.
 No. 94-2910.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 28, 1995.*
Decided July 31, 1995.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Mark Hinton, a Wisconsin prisoner, appeals the district court's summary dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. Sec. 2254. We vacate and remand for further proceedings.
 
 FACTS
 
 2
 Mark Hinton was convicted in Wisconsin of kidnapping, aggravated battery, and third degree sexual assault. He was sentenced to 50 years imprisonment. Hinton was represented at trial by Wisconsin public defender Robert Flatley. Following trial, Hinton was appointed a different public defender, David Matyas. Matyas prepared a post-conviction motion for Hinton. Hinton was unsatisfied with Matyas' representation, and terminated Matyas as his attorney. He then hired his own attorney, Alan Eisenberg, to represent him in further proceedings. Several months later, Hinton filed a post-conviction motion that he prepared himself. The motion was denied in July 1987.
 
 
 3
 After the post-conviction motion was denied, Eisenberg declined to represent Hinton on appeal. In September 1987, Hinton contacted the public defender seeking representation on appeal. The public defender declined to appoint Hinton another attorney. Another order from the trial court dated November 9, 1987, was the final order denying Hinton all post-conviction relief. After six years of sporadic activity to invigorate his case, Hinton filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals seeking to reinstate his direct criminal appeal. The Court of Appeals declined to reinstate Hinton's direct appeal. Hinton filed another petition for a writ of habeas corpus with the Wisconsin Supreme Court. The petition was denied without hearing.
 
 
 4
 In June 1994, Hinton filed this Sec. 2254 petition. The district court determined that Hinton procedurally defaulted his claims in the state court, and was barred from presenting them in federal court. The court summarily dismissed Hinton's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.
 
 ANALYSIS
 
 5
 Rule 4 scrutiny is limited to answering the legal question of whether the habeas corpus petition states a claim for relief. Because we are equally suited to answer that question as is the district court, our review of a summary dismissal of a petition for a writ of habeas corpus is de novo. Small v. Endicott, 998 F.2d 411, 413 (7th Cir.1993). A petition will avoid summary dismissal if, on its face and considering its exhibits, the petition states grounds that may entitle the prisoner to relief. See, id. The threshold is low, and any colorable claim for relief will survive Rule 4 scrutiny.
 
 
 6
 Hinton claims in his petition that "I was denied my direct appeal by failure of the state to appoint counsel to represent me on appeal." This alleged lack of counsel, Hinton claims, was the cause for his procedural default. But Hinton cannot establish cause for his procedural default. Despite his argument concerning the state's failure to appoint an attorney for him, Hinton acknowledges that he fired his court-appointed attorney. The government's Sixth Amendment duty to appoint counsel is fulfilled if the defendant is appointed a competent attorney who does not have any conflict that would prevent the him from putting on an effective defense. United States v. Ely, 719 F.2d 902 (7th Cir.1983). No absolute right to an appointed attorney of choice exists, so an indigent defendant cannot complain because he was not allowed to shop for a particular appointed lawyer. United States v. Davis, 604 F.2d 474 (7th Cir.1979). The defendant must show that a competency or conflict problem existed, leaving him actually or effectively without counsel. See id. Hinton has not alleged that Matyas was incompetent or that Matyas had a conflict that would prevent him from rendering effective counsel. Hinton has not, therefore, alleged any facts that may be construed as cause for his procedural default.
 
 
 7
 Hinton presents another issue in his petition that carries the day, however. Hinton states that after post-conviction relief was denied in July 1987, attorney Eisenberg told Hinton that he would not represent Hinton on appeal. Specifically, Hinton alleged:
 
 
 8
 I did not pursue a direct appeal of my conviction and denial of post-conviction motion because my attorney quit on me and the state refused to appoint an attorney to represent me.... Attorney Alan Eisenberg, who had represented Hinton during post-conviction proceedings, then notified Hinton for the first time that he would not represent Hinton on appeal of the conviction or denial of the post-conviction procedings.
 
 
 9
 Hinton infers that Eisenberg knew Hinton wanted to file a direct criminal appeal, but declined to do so on his behalf. In Castellanos v. United States, 26 F.3d 717 (7th Cir.1994), we held that when a criminal defendant instructs his attorney to appeal, but abandons him without perfecting that appeal, the defendant has suffered a per se violation of the Sixth Amendment. What became the rule in Castellanos was that the defendant no longer was required to show prejudice as a result of the failure to have a direct appeal.
 
 
 10
 The thin allegation of a Castellanos claim is enough to avoid summary dismissal. At this early stage of litigation, the record does not reveal the circumstances surrounding Eisenberg's failure to appeal. In addition, the record does not contain the petition for a writ of habeas corpus that Hinton presented to the Wisconsin Court of Appeals or the Wisconsin Supreme Court, so we cannot determine whether Hinton's Castellanos claim has been procedurally defaulted.
 
 
 11
 Because summary dismissal on this issue was inappropriate, we return this case to the district court for further determination of the circumstances of Hinton's failure to appeal and whether Hinton presented his Castellanos claim to the state court.
 
 CONCLUSION
 
 12
 The district court decision is VACATED and REMANDED for further proceedings on Hinton's Sec. 2254 petition.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record