70 F.3d 117
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence Aug PULCHIN and Christina F. Pulchin, Plaintiffs-Appellants
v.
Kenneth KUBSCH, M.D. and John Blackburn, Defendants-Appellees.
 No. 95-2339.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1995.*
Decided Nov. 3, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 The plaintiffs filed a pro se discrimination claim against their primary care physician, Dr. Kubsch, and John Blackburn, the administrator of West Side Clinic, a medical clinic in Green Bay, Wisconsin, for terminating their eligibility to receive further medical services at the clinic.[1] The plaintiffs appeal from the district court's order dismissing plaintiffs' action as frivolous under 28 U.S.C. Sec. 1915(d) and declining to appoint counsel.
 
 
 2
 We review the district court's Sec. 1915(d) dismissal for abuse of discretion, affording an appellant's pro se pleadings a liberal construction. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). The district court may dismiss a complaint under Sec. 1915(d) only when "satisfied that the action is frivolous or malicious." 28 U.S.C. Sec. 1915(d). A complaint is frivolous where it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 3
 Finding that the plaintiffs' allegations failed to establish a basis for federal court jurisdiction, the court dismissed the claims as frivolous under Sec. 1915. Federal courts are courts of limited jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Abercrombie v. Office of Comptroller of Currency, 833 F.2d 672, 674 (7th Cir.1987). Even if a plaintiff has a valid cause of action (and we have no opinion as to the validity of these plaintiffs' case), the plaintiff may not necessarily be able to bring that case in a federal court. A plaintiff may maintain a suit in a federal district court only if a statute of Congress authorizes the federal courts to hear that type of suit--that is--only if the federal court has subject matter jurisdiction. Bender, 475 U.S. at 541; Abercrombie, 833 F.2d at 674. Congress provided for federal jurisdiction in diversity of citizenship cases (not applicable here)[2] under 28 U.S.C. Sec. 1332 and in civil actions "arising under" federal law, see 28 U.S.C. Sec. 1331. Thus, in order to bring a claim in federal court, plaintiffs' complaint must sufficiently allege that it "arises under" or is based on federal law.
 
 
 4
 In seeking relief from "discrimination" against the defendants, the federal nature, or statutory basis for the Pulchins' complaint, was far from clear. Generously construing the complaint, the district court treated it as a claim under 42 U.S.C. Sec. 1983. See 28 U.S.C. Sec. 1343(a) (federal jurisdiction for Sec. 1983 claims). In order to state a claim under Sec. 1983, plaintiffs must allege state action or that the alleged deprivations were carried out under color of state law. See 42 U.S.C. Sec. 1983; Crane v. Logli, 992 F.2d 136, 138 (7th Cir.), cert. denied, 114 S.Ct. 245 (1993). Plaintiffs do not do so. Plaintiffs' ambiguous allegation of discrimination in public accommodations also does not state a claim under Title II of the Civil Rights Acts of 1964 (the "Act"). See 42 U.S.C. Sec. 2000a. We thus reject the Pulchins' argument on appeal that the complaint is based on this Act.[3] Nor does 18 U.S.C. Sec. 245 provide plaintiffs a basis for federal jurisdiction; this statute allows prosecutors, not private litigants, to bring actions to enforce federal constitutional rights. See 18 U.S.C. Sec. 245. Finally, we also reject the plaintiffs' argument, obliquely made in their appellate brief, that their medical clinic discrimination claim against the defendants arises under the Fifth and Sixth Amendments.[4]
 
 
 5
 Having reviewed plaintiffs' complaint and arguments on appeal, we find that their civil rights complaint lacks any basis in fact or law for relief in this court or for federal jurisdiction.[5] Accordingly, the district court did not abuse its discretion in dismissing the claims as frivolous under Sec. 1915(d). See Health Cost Controls v. Skinner, 44 F.3d 535, 537 (7th Cir.1995) (a claim purporting to rest on a federal law may be dismissed by the district court for lack of subject matter jurisdiction when the claims are frivolous); Harrell v. United States, 13 F.3d 232, 236 (7th Cir.1993) (finding claim frivolous where plaintiff failed to sufficiently plead the elements of his claim). The district court also did not err by declining to appoint counsel. A pro se civil litigant who desires to have counsel appointed must show that he has made reasonable efforts to retain counsel himself and was unsuccessful. Jackson v. McLean, 953 F.2d 1070, 1073 (7th Cir.1992). Plaintiffs present no evidence that they did in fact make such efforts. Accordingly, we AFFIRM the district court's judgment.
 
 
 
 *
 The district court dismissed the action before the defendants-appellees were served. The defendants-appellees notified this court that they would not file a brief in this appeal. After preliminary examination of appellants' brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellants filed a statement requesting oral argument. Having reviewed this request as well as the record and appellants' briefs, we find that oral argument would not be helpful to the court in deciding this case. Accordingly, the appeal is submitted on Appellant's briefs and the record
 
 
 [1]
 The dispute stems in part from a letter in which the clinic described its reasons for terminating its relationship with the plaintiffs. Plaintiffs contend that defendants are illegally "using" this "false letter" as an injunction or restraining order to prevent plaintiffs from procuring medical services and from obtaining legal representation. We find that plaintiffs' discrimination claims are frivolous for lack of any arguable basis in fact or law, and in any event, this factual dispute regarding the truth or falsity of the contents of the letter is not relevant to our decision
 
 
 [2]
 The plaintiffs do not claim diversity jurisdiction, nor do they state the citizenship of the defendants in their pleadings. Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 778 (7th Cir.1994)
 
 
 [3]
 Even in their appellate brief, plaintiffs fail to show how this Act is applicable other than citing it as "resolv[ing] the issue of our right to [be free from] discrimination," and appending their brief with a copy of the Act with notes scribbled on it to indicate the applicable provisions. Pls.' Br. at 3 & App. at 8. Although we liberally construe pro se pleadings, we have no obligation to construct a party's legal argument from highlighted text or notes scribbled in the margin. Small v. Endicott, 998 F.2d 411, 417 (7th Cir.1993)
 
 
 [4]
 Plaintiffs argue that defendants' "use" of the "false paper" containing "lies" about the plaintiffs violates the plaintiffs' Fifth Amendment right against self-incrimination and rights to counsel in violation of the Fifth and Sixth Amendments. Plaintiffs fail to realize that the constitutional rights of which they claim to have been deprived apply only to certain stages of a criminal prosecution (not at issue here). We therefore construe plaintiffs' arguments about their right to counsel as an appeal from the district court's refusal to appoint counsel, a decision which does not implicate any constitutional rights. See Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.), cert. denied, 114 S.Ct. 438 (1993) (noting that civil litigants have no constitutional or statutory right to counsel)
 
 
 [5]
 Our decision is the same even if we accept as true plaintiffs' allegations that they were turned away from the medical clinic without cause. Likewise, the district court's decision was not based on the truth or falsity of the letter regarding the plaintiffs' relationship with the medical clinic. The court correctly noted that to the extent plaintiffs raise any claims, such would arise under state and not federal law