77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sylvester BONDS, Petitioner-Appellant,
v.
STATE OF INDIANA and Charles B. Miller, Respondents-Appellees.
 No. 95-3029.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 24, 1996.*
Decided Feb. 9, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a guilty plea, Sylvester Bonds was convicted and sentenced in 1990 on charges of rape, criminal deviate conduct, confinement, and battery. Bonds' petition for post-conviction relief was denied by an Indiana state court. In the unpublished decision which affirmed the denial of post-conviction relief, the Indiana Court of Appeals held that by failing to object at the time of his conviction and sentencing hearings, Bonds had waived his argument that his conviction and sentencing were invalid because they were presided over by a master commissioner instead of a judge. Bonds v. State, No. 49A02-9403-PC-171 (Ind.Ct.App. Jan. 30, 1995). Bonds then filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, on the sole ground that the actions of the master commissioner are a nullity under the Fifth and Fourteenth Amendments. After receiving memoranda of law from both parties, the district court denied Bonds' petition, and Bonds appeals. We affirm.
 
 
 2
 While Bonds is correct that a federal court has the power to look beyond a state procedural forfeiture such as waiver in order to address federal constitutional claims, "the exercise of that power is ordinarily inappropriate unless the defendant succeeds in showing both cause for noncompliance with the state rule and actual prejudice from the constitutional violation." Smith v. Murray, 477 U.S. 527, 533 (1986) (quotations omitted). Bonds argues that the "novelty" of his claim was cause for failure to object at the time of the conviction and sentencing hearings. However, Bonds cannot show cause, or prejudice, or even a cognizable claim, because he does not attempt to describe what his federal claim is.
 
 
 3
 Although Bonds invokes the Fifth and Fourteenth Amendments in making his claim, he never attempts to explain how those constitutional provisions support his claim. He presents no arguments, and cites no case law, for the proposition that he had a federal right not to be convicted and sentenced by a master commissioner, or instead to be convicted and sentenced by a judge. While we will read Bonds' pro se brief liberally, Whitford v. Boglino, 63 F.3d 527, 535 n. 10 (7th Cir.1995) (per curiam), we will not construct his legal arguments for him. United States ex rel. Verdone v. Circuit Court for Taylor County, No. 93-2913, slip. op. at 6 (7th Cir. Dec. 27, 1995); see also Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir.1993). Bonds' sole constitutional argument on appeal (as well as before the district court) is that the Indiana Court of Appeals' decision was not "meaningfully reviewed," in violation of the Fourteenth Amendment. Bonds, though, does not have a federal due process right to receive review of the Indiana Court of Appeals decision, either by an Indiana court or by a court of the United States. Lindsey v. Normet, 405 U.S. 56, 77 (1972) (no federal due process right to state appellate review); Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) (no federal due process right to state collateral review); United States v. MacCollom, 426 U.S. 317, 323 & n. 3 (1976) (plurality opinion) (no federal due process right to federal collateral review); cf. State of Maryland v. Baltimore Radio Show, Inc., 338 U.S. 912, 917-19 (1950) (Frankfurter, J.) (issuance of writ of certiorari by United States Supreme Court to review a state judgment is discretionary); 28 U.S.C. § 1257 (same). And while the Equal Protection Clause guarantees equal access to certain methods of review when they are afforded, see, e.g., Lindsey, 405 U.S. at 77, Bonds has not suggested that he has a basis for an equal protection claim.
 
 
 4
 Bonds' argument that the master commissioner had no authority to convict and sentence him is grounded entirely on Indiana law. Bonds fails to realize that violations of state law are not cognizable in a habeas proceeding. Burris v. Farley, 51 F.3d 655, 659 (7th Cir.1995), and cases cited therein. Bonds has not presented either the district court or our court with a claim "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Thus, even if Bonds had not procedurally defaulted his argument, he would not have a claim for relief under 28 U.S.C. § 2254.
 
 
 5
 The judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record