[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10619

_____

D.C. Docket No. 1:16-cv-00525-CG-N

WALTER PATRICK,

Petitioner - Appellant,

versus

WARDEN,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 16, 2020)

Before NEWSOM and BRANCH, Circuit Judges, and RAY,[*] District Judge.

PER CURIAM:

_____

[*] Honorable William M. Ray II, United States District Judge for the Northern District of Georgia, sitting by designation.

Walter Patrick appeals from the district court's decision to dismiss his 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred, alleging that the district court erred by failing to consider whether he was entitled to equitable tolling. We hold that because Patrick did not present his equitable-tolling argument to the magistrate judge, the district court had the discretion to refuse to consider that argument under our decision in *Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009). Accordingly, we affirm.

## I

In April 2004, a jury in Washington County, Alabama, found Walter Patrick guilty of first-degree sodomy. He was sentenced to 30 years' imprisonment. The Alabama Court of Criminal Appeals affirmed Patrick's conviction and sentence, and the Alabama Supreme Court denied certiorari review. On December 9, 2005, the Alabama Court of Criminal Appeals issued a certificate of judgment.

Patrick alleges that, after he had exhausted his direct appeal, he repeatedly asked his appellate lawyer—Vader Al Pennington—to file a petition for state post-conviction relief under Alabama Rule of Criminal Procedure 32, which allows a petitioner to seek review of his case within one year after the issuance of the certificate of judgment. Patrick alleges that between 2005 and 2009 he and his wife repeatedly tried to contact Pennington about the status of his Rule 32 petition,

2

but that they were met with repeated avoidance and—at least on one occasion—outright lying. Specifically, Patrick claims that when his wife was finally able to get ahold of Pennington, he told her that the Rule 32 petition had been filed. In 2009, however, Patrick learned that no Rule 32 petition had ever been filed on his behalf.

Patrick took matters into his own hands and filed a *pro se* Rule 32 petition alleging ineffective assistance of counsel on August 27, 2009. In response, the State of Alabama filed a motion asking that the petition be denied as untimely, as it was filed more than four years after the issuance of the certificate of judgment, and thus well-beyond Rule 32's one-year limitations period. The Circuit Court of Washington County agreed and dismissed Patrick's petition as time-barred, without considering whether he was entitled to equitable tolling. Patrick appealed, and the Alabama Court of Criminal Appeals reversed and remanded, holding that Patrick had demonstrated "extraordinary circumstances justifying the application of the doctrine of equitable tolling."

In June 2010, Patrick filed an amended Rule 32 petition in the Washington County Circuit Court, adding a claim that challenged his conviction based on a recantation from the alleged victim. On September 24, 2014, the Circuit Court denied Patrick's petition, holding (1) that Patrick was not denied the effective assistance of counsel and (2) that the victim's recantation was not credible. On

3

appeal, the Alabama Court of Criminal Appeals affirmed.  After Patrick's application for rehearing was denied, Patrick did not file a petition for certiorari in the Alabama Supreme Court.  On October 7, 2015, the Alabama Court of Criminal Appeals issued a certificate of judgment.

Nearly one year later, Patrick took his claims to federal court.  On October 3, 2016, Patrick mailed a *pro se* petition for writ of habeas corpus, under 28 U.S.C. § 2254, to the U.S. District Court for the Southern District of Alabama.  On January 30, 2017, Patrick filed an amended petition that challenged his conviction on three grounds: (1) ineffective assistance of trial counsel; (2) newly discovered evidence—*i.e.*, the victim's recantation; and (3) actual innocence.  His form petition said nothing about equitable tolling—it marked "N/A" next to the "Timeliness" section, which warns that "[i]f your judgment of conviction became final over one year ago, you must explain . . . why the one-year statute of limitations . . . does not bar your petition."  The State of Alabama filed an answer to Patrick's petition, asserting that it was time-barred under the one-year limitations period in 28 U.S.C. § 2244(d).  In Patrick's response, he reiterated the grounds for his habeas petition, generally denied that his claim was barred, and maintained that he was actually innocent—but he said nothing about equitable tolling.  In August 2017, a magistrate judge entered an order stating that "it appears that Patrick's Writ is time-barred" and, accordingly, ordered Patrick "to show

cause why his petition should not be dismissed."  In his response, Patrick once again reiterated the grounds for his habeas petition, generally denied that his claim was barred, and maintained that he was actually innocent.  Significantly, though, he again said nothing about equitable tolling.

On December 6, 2017, the magistrate judge issued a report and recommendation recommending that Patrick's habeas motion be dismissed with prejudice because it was time-barred.  Importantly for our purposes, the report and recommendation stated that Patrick was not entitled to equitable tolling of the limitations period because he had failed to "present any arguments in favor of equitable tolling."

On December 29, 2017, Patrick filed objections to the report and recommendation in the district court.  In his objections, Patrick argued—for the first time—that he was entitled to equitable tolling.  Specifically, he stated that "the Alabama Criminal Court of Appeals . . . f[ound] [that] the [his] case f[ell] under equitable tolling" and noted that the Alabama State Bar disbarred his appellate lawyer, Pennington, who had failed to file his Rule 32 petition.

On January 16, 2017, the district court adopted the report and recommendation in a one-sentence order that did not address Patrick's equitable-tolling argument—it simply stated that the court had given "due and proper consideration of the issues raised" and made a "de novo determination of those

portions of the Recommendation to which objection is made." On that same day, the district court issued a judgment dismissing Patrick's § 2254 motion with prejudice as time-barred and held that he was not entitled to either a certificate of appealability or to appeal *in forma pauperis*.

On February 14, 2018, Patrick filed a notice of appeal with our Court. On July 25, 2018, a judge of this Court concluded that "reasonable jurists could debate the District Court's conclusion that equitable tolling was not warranted" and granted a COA on two grounds: (1) "Did the District Court err by denying equitable tolling without considering whether attorney abandonment constituted extraordinary circumstances?"; and (2) "Did the District Court err in denying equitable tolling without holding an evidentiary hearing to determine whether Mr. Patrick could prove 'reasonable diligence' under *Holland v. Florida*, 560 U.S. 631, 649, 653, 130 S. Ct. 2549, 2563, 2565 (2010) (quotation omitted)?"

This is Patrick's appeal.

## II

Despite its procedural complexity, this case presents us with a relatively straightforward threshold question: Did the district court err by failing to address Patrick's equitable-tolling argument, which he presented for the first time in his

objections to the magistrate judge's report and recommendation?[1]  The answer is no.

As the State of Alabama points out, this case is remarkably similar to—and, in the end, controlled by—our decision in *Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009).  Like Patrick, the petitioner in *Williams* filed a *pro se* petition for habeas corpus relief under § 2254.  *Id.* at 1289.  The State responded by arguing that the petitioner's habeas petition was time-barred under § 2244's one-year limitations period.  *Id.*  The district court referred the timeliness issue to a magistrate judge, who instructed the petitioner to file a response to the State's timeliness arguments.  *Id.*  But the petitioner never did so.  *Id.*  The magistrate judge then issued a report and recommendation that the district court dismiss the petitioner's habeas petition as time-barred.  *Id.*  The petitioner objected to the report and recommendation and—for the first time—raised a timeliness argument under the "prison mailbox rule."  *Id.* at 1289–90.  The district court, however, refused to consider the petitioner's timeliness argument, concluding that it "may decline to consider arguments raised for the first time in the objections to the magistrate judge's report and recommendation."  *Id.* at 1290.  We affirmed this holding on appeal, stating that "the district court has broad discretion in reviewing

---

[1] We review *de novo* a district court's legal rulings on a petition for a writ of habeas corpus.  *Gill v. Mecusker*, 633 F.3d 1272, 1286 (11th Cir. 2011).

7

a magistrate judge's report and recommendation, and, therefore, the district court did not abuse its discretion in declining to consider [the petitioner's] timeliness argument that was not presented to the magistrate judge." *Id.* at 1291.

The State argues, and we agree, that just as the district court in *Williams* was entitled to refuse to consider the petitioner's late-breaking timeliness argument, so too was the district court here entitled to refuse to consider Patrick's timeliness argument—which was made under nearly the exact same circumstances. Just like the petitioner in *Williams*, Patrick first raised the relevant timeliness argument in his objections to the magistrate judge's report and recommendation. As *Williams* makes clear, the district court therefore had the discretion to refuse to consider it. *Id.*

Patrick's attempt to distinguish *Williams* is unconvincing. In his reply brief and at oral argument, Patrick argued that, in fact, he *did* address timeliness before the magistrate judge. Specifically, he argued that although he never used the phrase "equitable tolling," he did enough—especially given that he was proceeding *pro se*—to alert the magistrate judge that equitable tolling was at issue. *See* Oral Arg. at 6:00–6:50. But even if this claim weren't waived, *see Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012) ("[W]e do not consider arguments not raised in a party's initial brief and made for the first time at oral argument." (quotation omitted)), we would reject it. The closest Patrick came to raising equitable tolling

8

before the magistrate judge was in his response to the State's answer to his petition, in which he cited *Martinez v. Ryan*, 566 U.S. 1 (2012), and stated that because his "Rule 32 counsel failed to file a writ of certiorari," he had established a "claim that the narrow *exception* to the general rule . . . [that] ineffective assistance of counsel on post-conviction [review] does not qualify as cause to excuse a procedural[ly] defaulted claim . . . is present in this case." Patrick made a similar argument in response to the magistrate judge's show-cause order on timeliness. We think that that this was insufficient, however, to raise an equitable-tolling claim. First, *Martinez* has nothing to do with equitable tolling—that case is about procedural default, which addresses when *state* procedural rules bar federal courts from considering certain habeas claims. *See* 566 U.S. at 17–18; *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." (quotation omitted)). Second, in none of Patrick's filings before the magistrate judge did he allege the facts that underlie his claim for equitable tolling—namely, that his lawyer had abandoned him and lied about the status of his Rule 32 petition. Although we liberally construe *pro se* habeas petitions, *see Williams v. Griswald*, 743 F.2d 1533, 1542 (11th Cir. 1984), that does not mean we are "required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

9

*     *     *

Accordingly, we hold that under our decision in *Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009), the district court did not abuse its discretion in declining to consider Patrick's equitable-tolling argument.[2]

**AFFIRMED.**

---

[2] Because the district court did not abuse its discretion in declining to consider Patrick's equitable-tolling argument, it likewise did not abuse its discretion in failing to conduct an evidentiary hearing on the issue, particularly in light of the fact that Patrick bore the burden of establishing the need for a hearing.  *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011).